```
      IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

| | |
|---|---|
| CHADAWON MCCORVEY, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 22-00171-KD-B |
| | * |
| JEFF WHITE, *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Chadawon McCorvey, an inmate at the Escambia County Jail in Brewton, Alabama, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). When McCorvey initiated this action, he did not pay the filing fee and did not file a motion to proceed without prepayment of fees ("IFP motion").[1] Accordingly, on May 2, 2022, the Court ordered McCorvey to pay the $402.00 filing fee or file an IFP motion by June 2, 2022. (Doc. 2 at 1). The Court directed the Clerk to send McCorvey a copy of this Court's current IFP motion form. (Id. at 2). The Court warned McCorvey that failure to comply with the order within the prescribed time would result in a recommendation that this action be dismissed without prejudice

---

[1] At the bottom of his § 1983 complaint form, McCorvey wrote: "They refused to fill out the proseed [sic] without payment form!!! Trying to stop this!!! Have no money or assets!!!" (Doc. 1 at 7).

for failure to prosecute and obey the Court's order. (Id. at 1-2).

On May 23, 2022, McCorvey filed an IFP motion that did not contain a certificate completed and signed by an authorized jail official and did not include a financial statement containing all transactions in McCorvey's inmate account for the six months immediately preceding the filing of his complaint. (See Doc. 3). The Court denied McCorvey's IFP motion without prejudice as incomplete and directed him to file a complete IFP motion by June 17, 2022. (Doc. 4 at 2). The Court advised McCorvey that his new motion was required to include a certificate signed by an authorized jail official, as well as a financial statement containing all transactions in his inmate account for the six months immediately preceding the filing of his complaint. (Id.). The Court again directed the Clerk to send McCorvey a copy of this Court's current form for an IFP motion. (Id. at 3).

McCorvey filed a new IFP motion on June 6, 2022, which once again did not include a certificate signed by an authorized jail official or an inmate financial statement. (See Doc. 5). McCorvey attached to his motion a letter explaining that the IFP motion form provided by the Clerk did not include page 5, which contains the sections required to be completed for prisoner plaintiffs. (Doc. 5-1). The Clerk's office subsequently confirmed that the

IFP motion form sent to McCorvey in May 2022 did not include page 5.

Accordingly, in an order dated June 8, 2022, the Court directed the Clerk to send McCorvey a complete copy of this Court's prisoner IFP motion form and ordered McCorvey to either pay the filing fee or file a complete IFP motion, including a certificate signed by an authorized jail official and an inmate financial statement, on or before July 8, 2022. (Doc. 6 at 2). The Court cautioned McCorvey that failure to comply with the order within the prescribed time would result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's orders. (Id. at 2-3). The order was mailed to McCorvey at the Escambia County Jail.

To date, McCorvey has neither filed a complete IFP motion nor paid the $402.00 statutory filing fee, despite being ordered to do so no later than July 8, 2022. McCorvey has not requested additional time to comply with the Court's order of June 8, 2022, he has not indicated that he is unable to comply with the Court's order, and he has not provided any other explanation for his failure to file a complete IFP motion or pay the statutory filing fee as directed. Additionally, none of the Court's orders sent to McCorvey in this case have been returned as undeliverable, and the website for the Escambia County Sheriff's Office reflects that McCorvey remains incarcerated at the Escambia County Jail, where

the Court's June 8, 2022 order was mailed to him. See https://www.escambiacountysheriffal.org/roster.php?term=chadawon&search=Y (last visited Aug. 10, 2022).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

As noted previously, McCorvey has made no apparent attempt to comply with the Court's June 8, 2022 order to file a complete IFP

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

motion or pay the filing fee. Nor has McCorvey explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. McCorvey's lack of response suggests that he has lost interest in and abandoned the prosecution of this action. In light of McCorvey's failure to prosecute this action and failure to obey this Court's order by timely filing a complete IFP motion or paying the filing fee, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[3]

If McCorvey disputes the finding that he failed to comply with the Court's order directing him to file a complete IFP motion or pay the filing fee, he must set forth in an objection to this report and recommendation the reasons for his failure to file a complete IFP motion or pay the filing fee. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

---

[3] The Court notes that McCorvey complains of acts or omissions that occurred beginning in March 2021. (See Doc. 1). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because McCorvey would have the ability to refile his claims prior to the expiration of the statute of limitations.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **10th** day of **August, 2022.**

                                          **/S/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**